UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cv-549-RJC
(3:06-cr-353-RJC-5)

| | |
|---|---|
| MOISES RAMIREZ REYNA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**THIS MATTER** comes before the Court upon Petitioner's Motion to Vacate, pursuant to 28 U.S.C. § 2255, (Doc. No. 1); the Government's Answer and Motion for Summary Judgment (Doc. Nos. 3, 4); and Petitioner's Response to the Government's motion, (Doc. No. 6). For the reasons that follow, the Government's motion will be granted, and Petitioner's § 2255 motion will be denied and dismissed.

I.   BACKGROUND

Petitioner, along with twelve co-defendants, was named in five-count superseding indictment charging him with conspiracy to possess with intent to distribute at least one kilogram of heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Count 1). (3:06-cr-353, Doc. No. 33 at 1-2). Petitioner entered a guilty plea before a magistrate judge shortly before his scheduled trial without a plea agreement. (Id., Doc. No. 132: Acceptance and Entry of Guilty Plea). During the Plea and Rule 11 hearing, he testified under oath that he understood the nature of the offense, including the alleged drug quantity, and the potential penalties upon conviction. (Id., Doc. No. 215: Plea Hr'g Tr. at 3-6). In particular, Petitioner waived his right to a trial but agreed to have the Court determine the drug quantity at sentencing. (Id. at 8-9). At the conclusion of the

hearing, the magistrate judge accepted Petitioner's guilty plea as knowingly and voluntarily entered. (Id. at 11).

The United States Probation Office prepared a draft of a presentence report (PSR) in advance of Petitioner's sentencing hearing. (Case No. 3:06-cr-353, Doc. No. 154: Notice of PSR Completion). The probation officer recommended that Petitioner was responsible for 1.04 kilograms of heroin based on evidence gathered during the investigation, including drug ledgers, intercepted phone calls, surveillance, items seized during a search of Petitioner's apartment, and statements of co-conspirators. (Id., Doc. No. 259: PSR at ¶26). The resulting advisory range, given a criminal history category of II and the statutory mandatory minimum, was 120 to 135 months. (Id. at ¶52). The Government objected to the PSR, contending that Petitioner's role in the conspiracy supported a three-level enhancement as a manager or supervisor under USSG §3B1.1, which would increase the range to 151 to 188 months. (Id. at pp. 17-18). Petitioner filed no objections to the PSR.

At sentencing, Petitioner affirmed the answers he had previously given to the magistrate judge during the plea hearing and admitted being guilty of the crime charged. (Case No. 3:06-cr-353, Doc. No. 221: Sent. Hr'g Tr. at 3). The Government then presented evidence in support of the three-level enhancement for manager or supervisor. The Court found that the evidence supported the application of the enhancement because Petitioner managed at least one member of the conspiracy, (Id. at 29), and sentenced him to 135 months' imprisonment, (Case No. 3:06-cr-353, Doc. No. 193: Judgment at 2).[1]

---

[1] The Court varied from the advisory guideline range based on Petitioner's extreme youth and extraordinary rehabilitation efforts. (Case No. 3:06-cr-353, Doc. No. 221: Sent. Hr'g Tr. at 43).

Petitioner appealed to the United States Court of Appeals for the Fourth Circuit challenging the determination of the enhancement under the Sentencing Guidelines. The Fourth Circuit affirmed the Court's receiving evidence, applying the enhancement, and imposing the sentence. United States v. Reyna, 336 F. App'x 353 (4th Cir. 2009), cert. denied, 558 U.S. 1006 (2009).

Petitioner timely filed the instant § 2255 motion raising two claims of ineffective assistance of trial counsel: (1) that counsel should have raised an objection to the amount of heroin that was alleged in the indictment prior to his entry of the guilty plea; and (2) that his counsel failed to properly challenge the manager or supervisor sentencing enhancement. (Doc. No. 1 at 4).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Sixth Amendment guarantees that in all criminal prosecutions, the accused shall have the right to the effective assistance of counsel for his defense. U.S. CONST. amend. VI. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687-88

3

(1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. A petitioner seeking post-conviction relief bears a "heavy burden" to overcome this presumption. Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id.

To demonstrate prejudice in the context of a guilty plea, a petitioner must still satisfy the standard set forth in Strickland. In regard to the second prong, a petitioner must demonstrate that he was prejudiced by ineffective assistance of counsel by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Under these circumstances, a petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983)). If a petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697). In considering the prejudice prong of the analysis, the Court must not grant relief solely because a petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. See Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under the second prong of Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton, supra (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Finally, a petitioner pressing an ineffective assistance of counsel claim in relation to his sentence must demonstrate "a reasonable probability" that but for counsel's performance he would have received a more lenient sentence. Royal v. Taylor, 188 F.3d 239, 249 (4th Cir. 1999) (quoting Strickland, 466 U.S. at 694).

A.    Drug Quantity

Petitioner argues that his counsel should have raised "an <u>Apprendi</u> objection" to the drug quantity attributable to him prior to his entry of his guilty plea. (Doc. No. 1: Motion at 5-6).[2] If counsel had made such an objection, Petitioner asserts that the Government would have been required to prove the amount of drugs beyond a reasonable doubt. (<u>Id</u>.). However, Petitioner knowingly waived his right to have a jury determine the drug quantity when he entered his plea to Count 1. Although he specifically reserved the right to contest the drug quantity at sentencing, he made no objection to the determination that he was responsible for just over 1 kg of heroin.

These choices and admissions were made after the magistrate judge explained the nature of the charge and its penalties and Petitioner testified under oath that he understood. Thus, his present challenge is precluded by his prior sworn statements. <u>United States v. Lemaster</u>, 403 F.3d 216, 221 (4th Cir. 2005) ("Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. Otherwise, the primary virtue of Rule 11 colloquies would be eliminated . . .") (citing <u>Blackledge v. Allison</u>, 431 U.S. 63, 79 n.19 (1977)). Additionally, Petitioner has not asserted any facts to show that he would have been held responsible for a lesser drug quantity if such an objection had been made. Therefore, he is not entitled to a hearing on this claim.

B.    Manager or Supervisor Enhancement

Petitioner argues that his trial counsel was ineffective because he "failed to halt the

---

[2] Petitioner relies on <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000) ("[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt.").

5

proceedings" when the Government objected to the presentence report as to his role in the conspiracy. (Doc. No. 1 at 4-5). Although couched as ineffective assistance of counsel, the gravamen of Petitioner's claim is that the Court erred in finding the enhancement was justified. (Id. at 4). This argument is foreclosed in this collateral proceeding because the Fourth Circuit affirmed the application of the enhancement on direct appeal and the Supreme Court denied his petition for a writ of certiorari. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (In a § 2255 proceeding, a petitioner "will not be allowed to recast, under the guise of collateral attack, questions fully considered" and decided on direct appeal) (citation omitted).

## IV.   CONCLUSION

After reviewing the entire record in the light most favorable to Petitioner, the Court finds no genuine issues of material fact such that a rational trier of fact could find that Petitioner is entitled to relief on any of his claims.

**IT IS, THEREFORE, ORDERED** that:

1.   The Government's Motion to Dismiss, (Doc. No. 4), is **GRANTED**;

2.   Petitioner's Motion to Vacate, (Doc. No. 1), is **DENIED** and **DISMISSED**; and

3.   Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong). Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling

is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: March 27, 2014

Robert J. Conrad, Jr.
United States District Judge